*223 ORDER (Partial Granting of Petition)
TODD R. MATHA, Chief Judge.
INTRODUCTION
The Court must determine whether an adult can access her Children’s Trust Fund (hereinafter CTF) account to pay for costs associated with securing legal counsel, satisfying criminal fines and receiving an Alcohol & Other Drugs Assessment (“AODA”). The Court employs the standard enunciated in the Per Capita Distribution Ordinance (hereinafter Per Capita Ordinance), § 12.8c to assess the merit of the petitioner’s request. The analysis and holding of the Court follow below.
PROCEDURAL H[STORY
The petitioner, Rainelle M. Decorah, initiated the current action by filing the August 11, 2005 Petition for Release of Per Capita Distribution (hereinafter Petition ). Consequently, the Court issued a Stunnious accompanied by the above-mentioned Petition on August 12, 2005, and served the documents upon the respondent’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[1] by personal service as permitted by HCN R. Civ. P. 5(C)(1). The Summons informed the respondent of the right to file *224 an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the respondent that a default judgment could result from failure to file within the prescribed time period.
The respondent, by and through DOJ Attorney Leslie Parker Cohan, timely filed its Answer on August 30, 2005, requesting that the Court schedule a Fad-Finding Hearing. The Court delivered Notice(s) of Hearing to the parties on September 7, 2005, informing them of the date, time and location of the Fad-Finding Hearing. The Court convened the Hearing on October 11, 2005 at 2:30 p.m. CUT. The following parties appeared at the Hearing: Rainelle M. Decorah, petitioner, and DOJ Attorney Leslie Parker Cohan, respondent’s counsel.
APPLICABLE LAW
PER CAPITA DISTRIBUTION ORDINANCE, 2 HCC§ 12
Subsec. 8. Minors and, Other Legal Incompetents.
a.The interests of minors and other legally incompetent Members, otherwise entitled to receive per capita payments, shall, in lieu of payments to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTFs approved by the Legislature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTFs shall be invested in a reasonable and prudent manner, which protects the principal and seeks a reasonable return.
b. Education Criterion
(1) The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member-beneficiary meeting the dual criteria if [sic ] (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma to the Department of Enrollment (HSED, GED or any similar substitute shall not be acceptable), or (ii) the Member reaches the age of twenty-five (25); provided that this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma, such Member’s per capita funds shall be retained in the CTF account and any and all per capita distributions payable to said Member after reaching 18 will be added to such fund and not be paid to the Member and the CFT [sic ] account and shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur: (1) the Member produces the required diploma; (2) the Member reaches the age of twenty-five (25); or (3) the Member is deceased.
c. Funds in the CTF of a minor or legally incompetent Member may be available for the benefit of a beneficiary’s health, education, and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement programs, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, the following provisions apply:
*225 (1) A written request must be submitted to the Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds.
(2) The parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed wei*e expended as required by this Ordinance and any other applicable federal law.
(3) Any other standards, procedures, and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons—-The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process.
(1) Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
(3) After the first successful service of process, the Court and the parties will then perform all written communications through regular mail at that address. Therefore, each party to an action has an affirmative duty to notify the Court, and all other parties, of a change in addi’ess within ten (10) calendar days of such change.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court de *226 nies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
■(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule (!1. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the October 11, 2005 Fact-Finding Hearing.
2. The petitioner, Rainelle M. Decorah, is an adult member of the Ho-Chunk Nation, Tribal ID# 439A004586, but has not received the balance in her CTF account due to a failure to satisfy the graduation requirement found in the Per Capita Ordi nance, § 12.8b(1). The petitioner maintains a residence at 482 South Eagle Avenue, Grand Marsh, WI 53936. Pet. at 1.
3. The respondent, Ho-Chunk Nation Office of Tribal Enrollment, is a division within the Ho-Chunk Nation Department of Heritage Preservation located on trust lands at Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI. See Dep’t of Heritage Pees. Establishment & Oeg. Act of 2001, § 6.5c; http://www.ho-chunknation.com *227 /government/executive/org_ehart.htm (last visited Oct. 17, 2005) (on file with Heritage Pres.).
4. The petitioner remains ineligible to receive quarterly per capita payments since attaining the age of majority on January 26, 2003. See Per Capita Distribution Ordinance, § 12.8b(2).
5. The petitioner anticipates receiving her high school diploma within roughly six (6) months from the American School located at 2200 East 170th Street, Lansing, IL 60438, The petitioner has already received a High School Equivalency Diploma. Fact-Finding Hr’g (LPER, Oct. 11, 2005, 02:44:00 CDT).
6. Since in or around mid-September 2005, the petitioner has worked as a Slot Floorperson at Ho-Chunk Casino located in Baraboo, WI, and earns an approximate annual gross wage of $20,800.00. Id., 02:44:42 CDT.
7. The federal poverty level for a family of one (1) is $9,570.00 per year. 70 Fed.Reg. 8,373 (Feb. 18, 2005).
8. The petitioner has amassed a significant amount of criminal and/or civil fines in connection with eight (8) outstanding cases within four (4) county jurisdictions. The petitioner’s obligation currently stands at $3,963.40 plus interest. Five (5) of the offenses relate to underage drinking. LPER, 02:47:00 CDT.
9. The petitioner provides her mother $100.00 per week for rent, and periodically pays for other household expenses. In addition, she reimburses her step-father $30.00 per week for gasoline required to transport her to work since she lost her driver’s license. Id., 02:45:21 CDT.
10. The petitioner has demonstrated the presence of special financial need. See Per Capita Ordinance, § 12.8c.
11. On February 27, 2005, the petitioner received a citation for Operating While Intoxicated (“OWI”). Subsequently, the petitioner received assistance of counsel through the Public Defender’s Office, but the attorney withdrew representation after the petitioner declined to accept a plea agreement. The petitioner returned to the Public Defender’s Office upon receiving the respondent’s Answer in the instant case. However, the Public Defender denied the petitioner assistance on the basis of her recent employment. LPER, 02:50:40 CDT.
12. The petitioner’s final pre-trial conference was scheduled for October 12, 2005, with the trial scheduled for October 27, 2005. The petitioner’s counsel, Attorney Mark H. Bennett, anticipated requesting a continuance of the trial at the earlier pre-trial. Id., 03:03:09 CDT.
13. The petitioner requested a release of CTF monies for the folio-wing purposes: satisfaction of judicially imposed fines, an attorney retainer, and an AODA fee. The petitioner failed to identify a vendor for the AODA fee.
Bennett & Bennett, LLC 135 West Cook Street P.O. Box 30 Portage, WI 53901-0030 $2,500.00 (attorney retainer)
Adams County Court Clerk of Court P.O. Box 220 Friendship, WI 53934-0020 $977.40 . (fines: OWI 1st; driving too fast for conditions)
Columbia County Court Clerk of Court $722.00 (fine: operating with PAC .10 or more 1st)
*228 P.O.Box 587 Portage, WI 53901-0587
Dane County Court Clerk of Court GR10 City-County Building 210 Martin Luther King, Jr. Boulevard Madison, WI 53703 $181.00 (fine: provoke/engage in fight or altercation)
Sauk County Court Clerk of Court 515 Oak Street P.O. Box 449 Baraboo, WI 53913-0449 $2,083.00 (fines: underage drinking 1st through 6th)
14. No tribal funding source or state or federal public entitlement programs exist to cover the above-enumerated costs with the exception of the AODA. See Per Capita ORDINANCE, § 12.8c.
15. As of July 31, 2005, the petitioner had a balance of $104,208.94 in her CTF account.
DECISION
The Court applies a four-part test when determining the circumstances under which it would grant a release of monies from the CTF account of a tribal member. See In the Interest of Minor Child(ren): V.D.C., DOB 10/03/84, et al., by Debra Crowe v. HCN Office of Tribal Enrollment, CV 00-25 (HCN Tr. Ct., Apr. 6, 2001) at 7 (citing In the Interest of Minor Child: S.D.S., DOB Oi/25/83, by Michelle R. DeCora v. HCN Office of Tribal Enrollment, CV 00-35 (HCN Tr. Ct. May 4, 2000) at 7). The Court derived the four-part test from language appearing in the Per Capita Ordinance, § 12.8c. Crowe at 7. First, the Court may only grant a release for the benefit of a beneficiary’s health, education, or welfare. Second, any such benefit must represent a necessity, and not a want or desire. Third, the parent or guardian must demonstrate special financial need. Finally, the petitioner must provide evidence of exhaustion of tribal funds and public entitlement programs. Id. at 8.
The Court closely examines each Petition for Release of Per Capita Distribution in fulfillment of its statutory obligation to supervise the CTF accounts. Per Capita Ordinance, § 12.8a. The Court performs this supervision against the backdrop of federal enabling legislation. Specifically, the Indian Gaming Regulatory Act requires that parents or guardians receive per capita monies “in such amounts as may be necessary for the health, education, or welfare, of the minor.” Indian Gaming Regulatory Act, 25 U.S.C. § 2710(b)(3)(C) (emphasis added). The Court has focused upon this limitation in developing its case law, announcing basic principles and rudimentary understandings that have guided it through a variety of requests.
As stated above, the Indian Gaming Regulatory Act assumes that only a parent or guardian would need to seek access to trust monies since competent adults would ordinarily receive such funds upon regular distribution. However, the Ho-Chunk Nation Legislature mandates retention of the corpus of a CTF until an adult member obtains either a high school diploma or the age of twenty-five (25) years. Per Capita Ordinance, § 12.8b(l). The Legislature erected the graduation requirement in response to an actual and/or perceived drop in the graduation rate of Ho-Chunk youth. See Marvel J. Cloud v. HCN Office of Tribal Enrollment, CV 01-34 (HCN Tr. *229 Ct., July 10, 2001) at 9. In doing so, the Legislature directed that the CTF monies “shall be held on the same terms and conditions applied during the Member-beneficiary’s minority.” Per Capita Ordinance, § 12.8b(l) (emphasis added).
Importantly, the Legislature did not require identical treatment in regards to the occasional release of such funds. The Court still applies the four-part test, but more strictly. Essentially, “the Court must not undermine [the] intent [of the graduation requirement] by unduly approving releases from the CTF of adult members who have failed to attain a high school diploma. Otherwise, the Court would strip the legislation of its only inducement, ie., no high school diploma, no CTF.” In the Interest of Adult CTF Beneficiary: Renata White, DOB 02/27/81 v. HCN Office of Tribal Enrollment, CV 01-75 (HCN Tr. Ct., Oct. 16, 2001) at 10.
The Court shall now address the requests presented by the petitioner in the instant case. The Court has erected a general rule against retiring the personal debts of adult CTF petitioners through a release of funds, especially when the debt arises in conjunction with a foreign law enforcement process. See e.g., In the Interest, of Adult CTF Beneficiary: Ashley J. Webster, DOB 09/17/85 v. HCN Office of Tribal Enrollment, CV 03-82 (HCN Tr. Ct., Jan. 15, 2004) at 12; In the Interest of Adult CTF Beneficiary: Calvin Whiteagle, DOB 01/03/84 v. HCN Office of Tribal Enrollment, CV 02-12 (HCN Tr. Ct., July 24, 2002) at 9. Therefore, the Court denies the request for payment of criminal and/or civil fines. Payment would not further the petitioner’s education, health or welfare, thereby failing the first prong of the above test.
The Court has routinely denied requests for attorney fees in criminal matters due to the presence of an absolute right to be represented by counsel as conferred by the Constitution of the United States. See, e.g., In the Interest of Adult CTF Beneficiary: Selina Littlewolf DOB 01/29/84. v. HCN Office of Tribal Enrollment, CV 04-70 (HCN Tr. Ct., Oct. 19, 2004); In the Interest of Adult CTF Beneficiary: Rory L. Deer, Jr., DOB 09/24/80 v. HCN Office of Tribal Enrollment, CV 01-132 (HCN Tr. Ct., July 9, 2002). Consequently, the above petitioners could not demonstrate exhaustion of otherwise available resources. In the context of these cases, the Court speculated about a future occasion where a tribal member would fail to qualify for public representation due to minimal employment. In such an instance, a release of CTF monies would surely benefit the hypothetical member’s welfare and also represent a necessity. However, the Court would then validate the retention of private counsel in the latter circumstance, but relegate the unemployed and/or jailed tribal member to representation by a public defender or court appointed counsel.[2]
In the present case, the petitioner faces an impending criminal trial with the possibility of a jail sentence. Compare In re: Shamus Daniel Layman by Paul Layman v. HCN Enrollment Dept, CV 98-41 (HCN Tr. Ct, July 16, 1998). The petitioner set forth an obvious welfare necessity as well as an educational necessity since potential incarceration could interrupt her progress in obtaining a high school diploma. The Court shall accordingly grant the *230 petitioner’s request for an attorney retainer fee.
. Finally, the Court shall deny the request for an AODA fee. The Ho-Chunk Nation likely offers assessments free of charge to tribal members. As a result, the petitioner has failed to satisfy the exhaustion requirement.
THEREFORE, based upon the preceding facts and analysis, the Court partially grants the request and directs Fifth Third Bank to deliver a check payable in the following amount to:
Bennett & Bennett, LLC $2,500.00
135 West Cook Street
P.O. Box 30
Portage, Wt 53001-0030
The check shall bear the following notation: “for Rainelle M. Decorah, DOB 01/26/85, Tribal ID # 439A0O4686.” The petitioner bears the responsibility of contacting the above provider to inform them of the anticipated receipt of the check and the item that the Court has approved for payment.
In regards to the granted request, the Court directs the petitioner to “maintain records sufficient to demonstrate that the funds disbursed were expended as required by [the Per Capita Ordinance] and any applicable Federal law.” Per Capita Ordinance, § 12.8c(2). The petitioner shall submit a financial report along with relevant documentation receipts and invoices) to the Court within -three (3) months after receipt of the disbursement, confirming the specified use of the funds. Failure to do so may subject the petitioner to the contempt powers of the Court pursuant to the Ho-Chunk Nation Contempt Ordinance and/or repayment of the amount subtracted from the CTF account. The Court shall maintain an open case file until acceptance of a final accounting, and service of process shall be performed on the address stated in the Petition unless parties direct otherwise in writing. See HCN R. Civ. P. 5(C)(3).
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. R. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal, must comply with the Ho-Chunk Nation Rules of Appellate Procedure (hereinafter HCN R.App. P.), specifically [HCN R.App. P.], Rule 7, Right of Appeal.” HCN R. Civ. R. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P.) permit the Court to serve the Complaint upon,the DOJ when the plaintiff/petitioner names as a party a unit of government or enterprise. HCN R. Civ. P. 27(B).

. The Court must stress that it does not equate provision of legal services by a public defender as inherently inferior to the equivalent services provided by private counsel. Regardless, the existence of the exhaustion requirement produces an illogical, and perhaps unfair, result.